STATE OF VERMONT

ENVIRONMENTAL COURT

|                    |   |                         |
|--------------------|---|-------------------------|
|                    | } |                         |
| In re: Appeal of   | } |                         |
|  Omer Martin  | } | Docket No. 34-3-99 Vtec |
|                    | } |                         |
|                    | } |                         |

Decision and Order on Motion for Summary Judgment

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of St. Albans denying his application for a variance to construct a deck within the sideline setback. Appellant is represented by Joseph F. Cahill, Esq.; the City is represented by Robert Farrar, Esq., but has not taken an active role in briefing the summary judgment motion. Appellant's neighbors do not oppose the application.

Appellant's house is a preexisting structure, non-conforming as to the sideline setback. It is located approximately seven feet from the westerly side property line at issue in the present case. The sideline setback requirement in the Zoning Regulations from at least 1988 to the present has been 15 feet.

In 1988 Appellant received a zoning permit for an addition on the rear or southerly side of the house. The westerly side of the addition is located ten feet from the westerly property boundary, that is, extending into the sideline setback by five feet. Evidence was not presented to indicate whether the ZBA issued a variance for that construction.

In 1993 Appellant received another zoning permit for another addition on the rear or southerly side of the house. The westerly side of the 1993 addition is also located ten feet from the westerly property boundary, that is, extending into the sideline setback by five feet. The width of the addition is 25 feet. Evidence was not presented to indicate whether the ZBA issued a variance for that construction. The 1993 addition included a six-foot-wide patio door located in the westerly corner of the rear wall of that addition. The concrete piers, beam and electrical wiring were designed to locate the patio door in that location.

The present application proposes a 10½' x 17½' deck addition to be built as an extension to the rear of the house. The 17½-foot width of the deck is not proposed to be

1

centered on the rear 25-foot width of the house. Rather, it is proposed to be aligned with the westerly wall of the house, which will mean that the deck will also extend into the side setback by five feet. This alignment is proposed because of the location of the patio door approved in the 1993 permit. If the deck were aligned to comply with the side setback, the full width of the patio door would not be useable.

In order to qualify for a variance, Appellant must meet all five requirements of 24 V.S.A. §4468(a) or its equivalent in the particular municipality's zoning regulations.

In the present case, the only unique physical circumstance peculiar to the lot and not attributable to the effect of the zoning regulations generally is the placement of the patio door within the setback area in the southwesterly corner of the previous addition. That physical circumstance was created by the approval of the 1993 addition which itself was within the setback area and by the approval of the rear door within the setback area. If the 1993 addition had been required to have been built five feet narrower, with a complying side yard setback, or if its rear door had been required to have been located five feet or more to the east, Appellant would be able to construct an entirely complying deck. The hardship was not caused by Appellant, who constructed the 1993 addition in compliance with the permit issued for it. The construction of an entirely complying deck would impair the residential use of the existing house by eliminating the existing rear exit. The requested variance would not alter the essential character of the neighborhood or impair the use of adjacent property, and no neighbors have stated any opposition to the proposal. Nor would it reduce access to renewable energy resources or be detrimental to the public welfare. Accordingly, 24 V.S.A. §§4468(a)(1) through (4) are met.

However, the requested variance is not the minimum variance to afford relief and is not the least deviation possible from the zoning regulation. The minimum variance necessary to afford relief would be a variance to construct only such length of the deck within the setback as is necessary to provide a landing area outside the patio door sufficient for persons, including those using a wheelchair, to exit the house and turn to proceed onto the complying area of the deck. Beyond such a landing to the south, a variance is not necessary to afford relief: the deck may be constructed to comply with the sideline setback beyond that point. The following drawing is provided to illustrate the

2

Court's ruling and is not intended to determine the exact size of the landing authorized by this decision.

Accordingly, based on the foregoing, Appellant's Motion for Summary Judgment is granted in part and denied in part. A variance is granted for Appellant to construct only such length of the deck, within the setback area beyond the patio door to the south, as is necessary to provide a landing area outside the patio door sufficient for persons, including those using a wheelchair, to exit and turn to proceed onto the complying area of the deck. Further to the south of that landing, the deck shall be constructed in compliance with the 15-foot west side setback. If Appellant wishes to extend the deck to the east to compensate for the segment not authorized by this decision, such amended application does not appear to require a variance and is not before the Court in the present decision.

Done at Barre, Vermont, this 19th day of April, 2000.

_____
Merideth Wright
Environmental Judge